**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   TYSHA KILGORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14- 926-C |
| | ) | |
| 1.   A.T. FINANCIAL SERVICES, LLC, | ) | |
| 2.   GOLDSKYE RANCH RESORT,  LLC | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | Attorney Lien Claimed |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges:

## PARTIES

1.   The Plaintiff is Tysha Kilgore, a female, who resides in Greer County, Oklahoma.

2.   The Defendants are:

A.    A.T. FINANCIAL SERVICES, LLC, (hereafter "A.T. Financial"), and

B.    GOLDSKYE RANCH RESORT, LLC, (hereafter "GoldSkye"),

both of which are domestic for profit businesses corporations doing business in Comanche County, Oklahoma.

## JURISDICTION AND VENUE

3.   Plaintiff's action is for gender discrimination including pregnancy discrimination as prohibited by Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act, 25 O.S. § 1301, *et seq*.  Jurisdiction over the federal claim is provided by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts, and jurisdiction is vested in such claims by 28 U.S.C. §1367.

4.   All of the actions complained of occurred in Comanche County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

1

## STATEMENT OF FACTS

5.    The Defendants constitute either a single employer or, at the least, an integrated enterprise, in that they are commonly owned by Allen Dickey and Goldie Dickey (husband and wife), and commonly managed as to all matters including personnel decisions.

6.    The Defendant GoldSkye, to Plaintiff's recollection, employed twenty to twenty five (20-25) persons, and Defendant A.T. Financial employed approximately fifteen (15) employees during at least twenty (20) weeks of each of the year of Plaintiff's termination and the preceding year.   Thus, Defendants are individually and in combination a covered employer under Title VII.   There is no minimum employee requirement to be subject to the OADA.

7.    Plaintiff was hired by Defendants on February 2, 2013  to work at AK Scoops, which was owned and operated by the same persons who operate the named Defendants. Around May 2013, Plaintiff was transferred to work for Defendants as the Administrative Assistant for GoldSkye and  at AT Financial.

8.    As background information, Allen Dickey, co-owner of both Defendants, routinely made improper gender comments about the Plaintiff and other female employees.

9.    Approximately June 21, 2013, the Plaintiff discovered she was pregnant and informed her supervisor, Misty Terry.  Ms. Terry advised Plaintiff that the owners of the Defendants would be upset, and said that Plaintiff should not inform the owners until Plaintiff was sure that she was pregnant.

10.    On June 24, 2013, the Plaintiff told the wife of Allen Dickey that she was pregnant. The response was that her husband wasn't going to like this, and that it was bad that she was pregnant.  Plaintiff was told by Allen and Goldie Dickey, "We're not going to be liable if something happens to you."

11.    On June 26, 2013, the Plaintiff went to the ranch owned by the Defendants.  Allen

Dickey stated: "What are you doing out here?  You can't be at the ranch in case you get hurt."  Plaintiff had no restrictions associated with her pregnancy, and such statement was a stereotypical view regarding pregnant women.

12.   The owners of the Defendants started treating the Plaintiff differently from this point, including eventually barring the Plaintiff from the GoldSkye ranch, even though she was the administrative assistant.

13.   Plaintiff was told by Misty Terry that the owners were going to try to get rid of the Plaintiff because of her pregnancy.

14.   On or about July 9, 2013, Plaintiff was driving to work and had a flat tire.  Plaintiff called and informed the co-owner Goldie Dickey.  Plaintiff was then terminated, although she was not told the reason for the termination.

15.   At the time of her termination, Plaintiff possessed all qualifications for the position she held, and was performing her job in a satisfactory manner.

16.   The job Plaintiff held at the time of her termination continued to exist after her termination.

17.   A motivating factor in Plaintiff's termination was her pregnancy.

18.   As the direct result of Defendants' action, Plaintiff has suffered lost wages and benefits past, present and future, together with dignitary harms in the form of embarrassment, worry, and other similar unpleasant emotions.

19.   Because the actions of the Defendants were in willful violation or reckless disregard of Plaintiff's federally protected rights, Defendants are subject to an award of punitive damages.

20.   Under the Oklahoma Anti-Discrimination Act, Plaintiff is entitled to an award of liquidated damages.

21.   Plaintiff timely contacted the EEOC and filed a charge of discrimination with the EEOC and the Office of Civil Rights Employment.  Plaintiff was issued a right to sue

letter on or about June 12, 2014, which she received thereafter.  This suit is timely brought within ninety (90) days of the receipt of such right-to-sue.  By these means, Plaintiff has exhausted all of her administrative requirements.

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of her and against the Defendants, and award Plaintiff all of her compensatory damages, pre- and post-judgment interest, liquidated and punitive damages, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 29th DAY OF AUGUST, 2014.**

s/Christine E. Coleman
Mark Hammons, OBA # 3784
Christine E. Coleman, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
E-mail:  mark@hammonslaw.com
        christine@hammonslaw.com
*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

4